UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62106-CIV-ROSENBAUM/SELTZER

ALAINE KLUGE,

       Plaintiff,

v.

SMUKLER SERVICES, INC.,
a Florida corporation,
SMUKLER ENVIRONMENTAL
SERVICES, INC., a Florida corporation,
and ROBERT SMUKLER,

       Defendants.
_____/

**ORDER**

This matter is before the Court upon Defendants' Motion for Summary Judgment [D.E. 33] and Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment [D.E. 34]. The Court has reviewed the Motions, all supporting and opposing filings, and the record in the case. For the reasons that follow, the Court now denies both Defendants' Motion for Summary Judgment and Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment.

**I.  Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment**

Plaintiff Alaine Kluge seeks to strike Defendants' Motion for Summary Judgment under two theories: (1) Defendants' Motion fails to submit a separate statement of material facts, as required by Local Rule 56.1(a), S.D. Fla.; and (2) Defendants filed their Motion at 1:35 a.m. on August 27, 2013, when the Court's deadline required the Motion to have been filed by August 26, 2013. The Court declines to strike the Motion for Summary Judgment on either basis.

With regard to the separate statement of material facts, Kluge accurately asserts that Defendants' Motion fails to satisfy the requirements of Rule 56.1(a), S.D. Fla. L.R. Rule 56.1(a) specifies that all motions for summary judgment and briefs in opposition to such motions "shall be accompanied by a statement of material facts" that shall "[b]e supported by specific references to pleadings, deposition, answers to interrogatories, admissions, and affidavits on file with the Court; and . . . [c]onsist of separately numbered paragraphs." S.D. Fla. L.R. 56.1(a). Consideration of summary-judgment motions can consume much of courts' time, and this rule serves "to make review of summary judgment motions less burdensome to the Court," S.D. Fla. L.R. 56.1 cmts. (2008), freeing the court to spend its time on other legal matters. *See also D & M Carriers, LLC v. M/V Thor Spirit*, 2012 WL 4747198 at *3 (S.D. Fla. 2012) (the Local Rule eases the burden on the Court by "directing the Court to the proper portions of the record to make its decision, rather than having the Court aimlessly search the record for relevant evidence, or the lack of evidence, to support or refute a claim").

Although Defendant's Motion includes a section labeled "Factual Background" and contains some factual information sprinkled in other portions of the brief, its formatting does not comply with Local Rule 56.1. Specifically, Defendants have failed to set forth numbered paragraphs identifying each separate alleged material fact, and Defendants' factual recitations include only limited citations to evidence supporting their claims. For these reasons, the Court could deny the Motion. *See Ocean's 11 Bar & Grill, Inc. v. Indemnity Ins. Corp. RRG*, 2012 WL 2675435 at *2-3 (S.D. Fla. 2012) (denying plaintiff's motion because in not complying with Local Rule 56.1, the plaintiff failed to "inform the court of the basis for its motion") (internal citation omitted); *see also D & M Carriers, LLC*, 2012 WL 4747198 at *3.

But the Court chooses not to do so. Instead, the Court has reviewed the entirety of the parties' submissions and rules on the merits. For the future, however, Defendants are respectfully cautioned that failure to comply with the Local Rules may result in appropriate sanctions or in denial of Defendants' motions without reference to their merits.

As for Kluge's argument that the Court should deny Defendants' Motion because it was untimely filed, the Court similarly declines to accept Kluge's invitation. The deadline for filing all dispositive motions was August 26, 2013. D.E. 29 at 2. Defendants filed their Motion for Summary Judgment on August 27, 2013, at 1:35 a.m. — ninety-five minutes after the deadline. D.E. 37 at 1.

As Plaintiff acknowledges, district courts "enjoy broad discretion in deciding how best to manage the cases before them . . . and that discretion extends to whether to consider untimely motions for summary judgment. *Enwonwu v. Fulton-Dekalb Hosp. Authority*, 286 F.App'x. 586, 595 (11th Cir. 2008) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) and *Matia v. Carpet Transport, Inc.*, 888 F.2d 118, 119 (11th Cir. 1989)). While it is certainly better practice to timely seek an extension of time for filing when necessary — rather than simply filing late without explanation, here, Defendants missed the deadline by only 95 minutes in the deep of the night, when, presumably, counsel for Plaintiff was not working, anyway, and Kluge can point to no prejudice that she has suffered as a result of this late filing. Therefore, Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment [D.E. 34] is denied.

## II.  Defendants' Motion for Summary Judgment

Kluge brings claims for unpaid overtime compensation, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). D.E. 1. The claims arise out of Kluge's alleged employment with Defendants as a bookkeeper. D.E. 1,

¶ 13. In seeking summary judgment, Defendants assert that Kluge lacks standing to bring an action under the FLSA because she was not an employee of Defendant corporations, but rather, was an owner. D.E. 33 at 4. Because the facts that would enable the Court to make a legal determination regarding whether Kluge was an employee or an owner at the time that she worked with Defendants are in controversy, the Court must deny Defendants' Motion for Summary Judgment.

### A. Material Facts

On October 17, 2012, Smukler Services, Inc. ("Services"), and Smukler Environmental Services, Inc. ("Environmental") (collectively, the "Smukler Companies"), filed a lawsuit against Kevin and Alaine Kluge in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* D.E. 36-2. As relevant to the case presently pending before this Court, the Complaint in the state case includes the following allegations:

> 10. Robert Smukler is now, and always has been, the sole shareholder and the sole owner of both [Services] and [Environmental].
>
> * * *
>
> 15. On September 18, 2007, Robert Smukler incorporated [Environmental] . . . . [Services] was created to employ only the office staff (management) so as to allow for the provision of health insurance.
>
> 16. When the [Smukler Companies] first started doing business in or about October of 2007, [the Smukler Companies] hired Alaine Kluge in the capacity of "Bookkeeper" . . . . These two employees were considered part of the office staff (management) and were paid by [Services] and afforded the opportunity to get health insurance as well.
>
> * * *

> 18. In or about May of 2012, Robert Smukler decided to sell the [Smukler Companies] and within a month a buyer was found who was interested in purchasing the [Smukler Companies]. During the course of exchanging due diligence documentation, financial records were provided to the potential purchaser. In connection with the examination of these financial records, the Purchaser discovered discrepancies and inconsistencies in the corporate financials and pointed these discrepancies out to [the Smukler Companies'] owner, Robert Smukler. Further investigation and examination revealed that . . . Alaine Kluge and Kevin Kluge, had systematically and secretly embezzled over seventy thousand . . . dollars from the [Smukler Companies] on a corporate credit card during the past three years.
>
> * * *
>
> 41. [Kluge was] employed by [the Smukler Companies] in [a] position[] of trust, as a bookkeeper . . . .

D.E. 36-2.

Kluge filed a counterclaim in the state case. In her counterclaim, Kluge set forth claims for constructive trust, judicial dissolution of the Smukler Companies under various Florida statutes, and the right to have an interest in the partnership businesses of the Smukler Companies under Florida statutes. *See* D.E. 32 at 40-54. In part, Kluge based these claims on the allegation that "[a]t all times from the inception of the terms of partnership agreement in the summer of 2007 through September 28, 2012, . . . [Kluge] [was] considered partners/owners of [the Smukler Companies]." *Id.* at 47, ¶ 50.

During the course of the litigation in the case before this Court, Kluge testified during her deposition that, contrary to the allegations contained in the state-court complaint that Kluge was an employee of the Smukler Companies and consistent with Kluge's allegations in the state-court counterclaim, Kluge had considered herself to be a partial owner of both of the Smukler Companies.

D.E. 33 at 15:4-:7. She added, however, that she understood that Defendants were denying that. *Id.* As Kluge explained her position, if Smukler were to admit the existence of an agreement with Kluge making her a partial owner of the Smukler Companies, thereby removing that as an issue of fact or law, Kluge would agree that, as an owner, she was not entitled to overtime. *Id.* at 38:3-:8. But because Smukler was insistent that Kluge was no more than an employee, Kluge thought that if this were, in fact, true, she is entitled to overtime compensation for the hours that she spent in excess of forty per week working for the Smukler Companies when she was under the mistaken impression that she had an ownership interest in the companies. *Id.* at 39:25-40:8. Kluge described herself as having felt "misled" and "[taken] advantage of" "the whole time" by the Smuklers with regard to Kluge's ownership status. *Id.* at 42:16-43:3. Indeed, Kluge testified, Smukler ultimately fired Kluge. *Id.* at 44:4-:8.

Kluge further acknowledged that no written agreement pertaining to ownership of the Smukler Companies and signed by all parties ever existed; she never received stock in the Companies; she is not aware that she was ever listed on the Smukler Companies' K-1s as a shareholder; she never received a K-1 from the Companies to attach to her personal tax returns; and she never took a home-office deduction on any tax return while she worked from home for the Smukler Companies.[1] D.E. 33 at 33:3-36:18.

---

[1] Kluge also made other statements regarding her duties, responsibilities, and decision-making authority — statements that might bear on whether, if, indeed, Kluge had been an "employee" of the Smukler Companies, she was an eligible or an exempt "employee" under the FLSA. *See, e.g.*, 29 U.S.C. § 213(a)(1) (exempting from FLSA's overtime provisions employees acting in a "bona fide executive, administrative, or professional capacity"); 29 C.F.R. § 541.200(a) (defining "employee employed in a bona fide administrative capacity" to mean any employee "(1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . ; (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to

In addition, Kluge has submitted the September 29, 2012, letter from the Smukler Companies to Kluge firing her. *See* D.E. 35-2. That letter provides, "This will serve as notice that [Kluge's] employment with [the Smukler Companies] is terminated effective immediately . . . ." *Id.*

### B. Summary Judgment Standard

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Where the record reveals no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment should be granted. Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). Similarly, a fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).

In considering a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. In conducting this analysis, the court must not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th

---

matters of significance."). But Defendants do not specifically argue and did not brief the position that Kluge is ineligible for overtime compensation under the FLSA for any reason other than that she was allegedly an "owner" of the Smukler Companies. Accordingly, the Court does not consider whether Kluge might be otherwise ineligible for the protections of the FLSA.

Cir. 2007) (quoting *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must go beyond the pleadings and respond with evidence of specific facts suggesting that a reasonable jury could find in his favor. *Shiver*, 549 F.3d at 1343. But even where an opposing party neglects to submit any alleged material facts in controversy, the court must still satisfy itself that the evidence of record supports the uncontroverted material facts that the movant has proposed before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

### C.  Analysis

In order to be entitled to the safeguards regarding overtime pay found in 29 U.S.C. § 207, Kluge must be considered an "employee" of Defendant entities. *See* 29 U.S.C. § 207 (2010); *Padjuran v. Aventura Limousine & Transp. Service, Inc.*, 500 F. Supp. 2d 1359, 1362 (S.D. Fla. 2007). Defendants argue that the Court should grant summary judgment in their favor solely because Kluge has pled in her state-court counterclaim and has expressed her opinion during her deposition

in the pending matter that, at the time that she worked for the Smukler Companies, she thought that she was an owner. But Defendants point to no evidence that supports the notion that Kluge was, in reality, an owner of the Smukler Companies. To the contrary, Defendants themselves insist that Kluge was not an owner and that, instead, she was an employee. In view of the protestations of the owners of the Smukler Companies of Kluge's status as an owner of those same companies, and in the complete absence of any evidence whatsoever demonstrating that Kluge was actually an owner of the Smukler Companies, Kluge's mere belief of ownership, without more, is not sufficient to establish as an undisputed fact that Kluge was an owner of the Smukler Companies.

Nor does the fact that Kluge's state-court counterclaim rests on an allegation that she was an owner of the Smukler companies preclude her from proceeding with her FLSA claims in this case. Whether a person qualifies as an "employee" under the FLSA presents a question of law. *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1318 (S.D. Fla. 2001) (citing *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996); *Brouwer v. Metro. Dade Cnty.*, 139 F.3d 817, 818 (11th Cir. 1998) (citation omitted)). While the subsidiary findings necessary to make a legal ruling on a person's employment status under the FLSA constitute questions of fact, here, as previously discussed, those facts are in controversy, preventing this Court from rendering a ruling on whether Kluge was, in fact, an owner of the Smukler Companies.

Rule 8, Fed. R. Civ. P., specifically allows a party to plead claims in the alternative and to bring claims "regardless of consistency." *See* Fed. R. Civ. P. 8(a)(3), (d)(2), & (d)(3). Here, effectively, Kluge is pleading in the alternative to her position in the state-court case: if, as a matter of law, Kluge is determined not to have been an owner of the Smukler Companies, she may still qualify as an "employee" under the FLSA, and, if that is the case, Kluge alleges, she worked in

excess of forty hours per week and should be paid for her overtime. Because Rule 8 expressly contemplates such alternative pleading, Defendants are not entitled to summary judgment simply because Kluge takes alternative positions regarding what her employment status is as a matter of law. *See U.S. Specialty Ins. Co. v. Jet One Express, Inc.*, 2013 WL 3451362, *2 (S.D. Fla. July 9, 2013) (noting that Rule 8(d) allows for the pleading of claims in the alternative); *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC*, 2011 WL 3843931, *3 (Aug. 26, 2011) (same). Of course, however, Kluge may not recover under inconsistent theories. *See Brookhaven Landscape & Grading Co., Inc. v. J.F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982). Therefore, should Kluge prevail on her counterclaim in state court, this Court will dismiss her claims in this case. At this time, however, Defendants' Motion for Summary Judgment must be denied.

## V. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendants Smukler Services, Inc.; Smukler Environmental Services, Inc.; and Robert Smukler's Motion for Summary Judgment [D.E. 33] is **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 20th day of November 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Honorable Patrick M. Hunt

Counsel of Record